UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICARDO RUSH,<br><br>Defendant. | Case No. 25-CR-165 |

**FILED**
JUN 17 2025
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.   **Summary of the Plea Agreement**

Defendant Ricardo Rush agrees to admit guilt and enter a plea of guilty to Count One of the Information charging the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Count Two of the Information charging the defendant with Assault with a Dangerous Weapon ("ADW"), in violation of 22 D.C. Code § 402; and Count Three of the Information charging the defendant with Possession of a Firearm During Crime of Violence or Dangerous Offense ("PFCOV"), in violation of 22 D.C. Code § 4504(b).

II.   **Penalties**

The penalties for Count One for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), are:

(A)   a term of imprisonment not more than 15 years;

(B)   a fine not to exceed $250,000;

(C)   a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

The penalties for Count Two of the Information charging the defendant with Assault with a Dangerous Weapon ("ADW"), in violation of 22 D.C. Code § 402, are:

    (A)    a term of imprisonment not more than 10 years;

    (B)    a fine not to exceed $25,000;

    (C)    a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

The penalties for Count Three of the Information charging the defendant with Possession of a Firearm During Crime of Violence or Dangerous Offense ("PFCOV"), in violation of 22 D.C. Code § 4504(b), are:

    (A)    a term of imprisonment not more than 15 years;

    (B)    a mandatory minimum term of imprisonment of 5 years;

    (C)    a fine not to exceed $37,500;

    (D)    a term of supervised release of not more than three years; and

    (E)    a special assessment of $100.

The United States Sentencing Guideline §5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised released and/or probation.

## II.    Elements of the Offense

To prove that the defendant is guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, the government must prove the following beyond a reasonable doubt:

1. That the defendant possessed a firearm and ammunition;
2. That he did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the item he possessed was a firearm;
3. That the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);
4. At the time the defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment of term exceeding one year and had knowledge of that fact.

To prove that the defendant is guilty of Assault with a Dangerous Weapon ("ADW"), the government must prove the following beyond a reasonable doubt:

1. The defendant committed a threatening act that reasonably would create in another person a fear of immediate injury;
2. The defendant acted voluntarily, on purpose, and not by mistake or accident;
3. At the time, the defendant had the apparent ability to injure B.F.; and
4. The defendant committed the threatening act with a dangerous weapon.

To prove that the defendant is guilty of Possession of a Firearm During Crime of Violence or Dangerous Offense ("PFCOV"), the government must prove the following beyond a reasonable doubt:

1. The defendant possessed a firearm;
2. The defendant possessed a firearm while committing Assault with a Dangerous Weapon; and

3

3. The defendant did so voluntarily and on purpose, and not by mistake or accident.

### III.  **Proffer of Evidence**

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established the following beyond a reasonable doubt.

On March 8, 2025, at approximately 11:26 am, the defendant Ricardo Rush, boarded WMATA Bus 4752 at 332 Ridge Road, SE, Washington, D.C. At approximately 11:31 am, Complainants D.P. and B.F., accompanying two small children G.P. and A.F., boarded WMATA Bus 4752, at 4809 Texas Avenue, SE, Washington, D.C. The complainants sat in the row in front of the defendant. Within seconds of the complainants taking a seat, the defendant started talking to them. D.P. and B.F. looked at the defendant as he spoke to them. After an initial conversation, D.P. turned back around and faced the front of the bus. B.F., however, kept her eyes on the defendant.

At approximately 11:32 am, the defendant stood up, displaying a black firearm in his left hand. The defendant stated "Bitch, sit down, this isn't a toy" or something to that affect and pointed the firearm at B.F.'s face. While the bus was pulled over, the defendant continued arguing with B.F., threatening her, and pointed the firearm at B.F.'s face a second time. During this interaction, the defendant waived the firearm at D.P., B.F., G.P. and A.F. and threatened to kill all four people while waiving a firearm at them. At approximately 11:33 am, the defendant exited the bus. Once outside the bus, the defendant pointed the firearm at B.F. a third time, and subsequently fled on foot on East Capitol Street, SE, Washington, D.C.

At approximately 11:35 am, the defendant re-boarded the bus and threatened to kill D.P. and B.F. again, while holding the firearm. During this interaction, the defendant continued to point the firearm at D.P. The defendant head-butted D.P. and pressed his forehead against D.P.'s forehead before he exited the bus. The defendant stated, "I know where your bitch ass go get your kids from and all that." After threatening the complainants again, the defendant exited the bus and fled the scene once more.

On April 10, 2025, at approximately 11:10 am, the defendant was located at his residence in Washington, D.C. At approximately, 12:15 pm, officers located a black Masterpiece Arms Defender semi-automatic handgun (S/N FX53587) loaded with one round in the chamber, and which contained a high-capacity magazine with 18 rounds of ammunition loaded in it. They also recovered a magazine that contained 13 rounds of 45 Auto ammunition inside of it. The defendant voluntarily and on purpose, possessed this firearm and this ammunition on this date. The defendant knew that the firearm he possessed on April 10 was a firearm.

There are no firearms or ammunition manufacturers in Washington, D.C. Therefore, the Masterpiece Arms Defender semi-automatic handgun and rounds of ammunition officers recovered must have travelled across state lines.

The defendant has a prior criminal felony conviction punishable by a term of incarceration greater than one year. On May 13, 2022, the defendant was convicted of Assault with A Dangerous Weapon (Firearm) in Washington, D.C. Superior Court case number 2021-CF3-004168 and sentenced to 3 years' confinement with 18 months suspended. As a result, the defendant was aware at the time of his arrest in the instant case that he had a prior conviction for a crime punishable by more than one year.

Respectfully submitted,

/s/ *Jared English*
Jared English
Assistant United States Attorney

6

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement after signing it, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, after it is signed, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 6-10-2025

_____
Ricardo Rush
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I, Elizabeth Mullin, have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, by signing the Plea Agreement, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement after signing it, or breaches the Plea Agreement.

Date:  6.12.2025

*Elizabeth Mullin*

Elizabeth Mullin, Esq.
Attorney for Defendant